IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

**NICKIE WOODY,**

      **Plaintiff,**

v.                                              CIVIL ACTION NO. 2:09-00088

**Michael J. Astrue,**
**Commissioner of Social Security,**

      **Defendant.**

## PROPOSED FINDINGS AND RECOMMENDATION

This is an action seeking review of the final decision of the Commissioner of Social Security denying Plaintiff Nickie Woody's (hereinafter "Claimant") application for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-433. This case was referred to this United States Magistrate Judge by standing order to consider the pleadings and evidence, and to submit proposed findings of fact and recommendation for disposition, all pursuant to 28 U.S.C. § 636(b)(1)(B). Presently pending before the court is Defendant's Motion to Dismiss Plaintiff's Complaint, filed June 5, 2009. (Docket # 6.) Claimant filed a response on June 29, 2009. (# 9.)

The Commissioner seeks dismissal of Claimant's complaint on the ground that it was filed on February 2, 2009, three days after the time for instituting a civil action expired. Upon recognizing that Claimant's complaint was untimely, a representative from the

Office of the General Counsel, Region III, contacted Claimant's counsel's office and stated that the Commissioner would seek an extension of time to file his answer to afford Claimant more time to seek an extension of time from the Appeals Council for filing the civil action. On April 6, 2009, the Commissioner filed a motion for extension of time, which was granted. (## 4, 5.) On May 27, 2009, Claimant mailed a document entitled "Motion for Extension of Time to File Civil Action Pursuant to 42 U.S.C. § 405(g)." (# 6-2.) Claimant mailed the document to the United States Attorney's Office in Washington, D.C., the Office of General Counsel in Baltimore, Maryland, and to the United States Attorney's Office in the Southern District of West Virginia. (# 6-2.) To date, the Commissioner asserts that Claimant has not filed an extension of time to institute a civil action with the Appeals Council, as required by 20 C.F.R. § 422.210(c) (2008). (# 7, pp. 2-3.)

The Commissioner asserts Claimant did not comply with the 60-day requirement for filing an appeal found in 42 U.S.C. § 405(g). In addition, the Commissioner argues that there are no circumstances that justify equitable tolling of the 60-day requirement of 42 U.S.C. § 405(g). The Commissioner asserts that Claimant's stated reasons for her late filing contained in the motion for extension erroneously sent to agencies other than the Appeals Council do not warrant equitable tolling. The Commissioner

argues that "[i]t was incumbent upon Plaintiff's counsel to explain that he could advance the funds to pay the filing fee to commence a civil action. Plaintiff's counsel's explanation provides no time frame outlining when he first contacted Plaintiff after receiving the Appeals Council's notice, or the time that elapsed between learning why Plaintiff decided not to appeal this case and the filing of the complaint." (# 7, pp. 6-7.)

In response, Claimant's counsel states that he received the Appeals Council order, dated November 26, 2008, on December 1, 2008. Claimant concedes that the 60-day period ran on Friday, January 30, 2009, and the complaint was not filed until Monday, February 2, 2009. Claimant's counsel represents that when Claimant received the decision of the Appeals Council, Claimant called his office and advised the secretary that she did not wish to appeal the decision. Upon receiving this message, counsel for Claimant attempted to contact Claimant to determine her reasons, but was unsuccessful. An appointment was set for the purpose of discussing an appeal. The first appointment was cancelled or rescheduled for reasons unknown to Claimant's counsel, but another appointment was set thereafter. On January 31, 2009, Claimant's counsel was advised that Claimant did not want to file an appeal because she could not afford the filing fee. Counsel for Claimant advised his client that his firm would advance the fee, and the complaint was filed the next business day, on Monday February 2, 2009. (# 9, pp. 1-2.)

3

Claimant's counsel represents that counsel for the Commissioner contacted him after the complaint was filed and served to seek additional time to file an answer and also to advise that the complaint was untimely filed. Counsel for Claimant agreed to an extension and believed that there was an agreement in place that in return, the Commissioner would not pursue a motion to dismiss based on untimeliness. (# 9, p. 2.)

The court proposes that the presiding District Judge make the following findings as to the procedural history in this case:

1. On September 4, 2007, an earlier social security appeal filed by Claimant's counsel on Claimant's behalf was dismissed as untimely. (See 2:06-cv-00975.)

2. In the current action, an Administrative Law Judge ("ALJ") issued an unfavorable decision on January 11, 2008. (# 8, Tr. at 13-23.)

3. On November 26, 2008, the Appeals Council denied Claimant's request for review. (# 8, Tr. at 1-5.) The decision of the Appeals Council notified Claimant of her right to commence a civil action within 60 days of receipt. (# 8, Tr. at 2.)

4. Claimant's counsel received the Appeals Council order, dated November 26, 2009, on December 1, 2008. (# 9, p. 1.)

5. When Claimant received the decision of the Appeals Council, Claimant called her counsel's office and advised the secretary that she did not wish to appeal the decision. Upon receiving this message, counsel for Claimant attempted to contact

Claimant to determine her reasons, but was unsuccessful. An appointment was set for the purpose of discussing an appeal. The first appointment was cancelled or rescheduled for reasons unknown to Claimant's counsel, but another appointment was set thereafter. (# 9, pp. 1-2.)

    6. The 60-day period for filing an appeal in federal court ran on Friday, January 30, 2009, and Claimant's appeal was not filed as of this date.

    7. On January 31, 2009, Claimant's counsel was advised that Claimant did not want to file an appeal because she could not afford the filing fee. Counsel for Claimant advised his client that his firm would advance the fee, and the complaint was filed the next business day, on Monday, February 2, 2009. (# 9, pp. 1-2.)

    8. Counsel for the Commissioner contacted Claimant's counsel after the complaint was filed and served and advised Claimant that the complaint was untimely and stated that the Commissioner would seek an extension of time to file his answer to afford Claimant more time to seek from the Appeals Council, an extension of time for filing the civil action. (# 7, p. 2.)

    9. On April 6, 2009, the Commissioner filed a motion for extension of time, which was granted. (## 4, 5.)

    10. On May 27, 2009, Claimant mailed a document entitled "Motion for Extension of Time to File Civil Action Pursuant to 42

U.S.C. § 405(g)" to the United States Attorney's Office in Washington, D.C., the Office of General Counsel in Baltimore, Maryland, and to the United States Attorney's Office in the Southern District of West Virginia. (# 6-2.)

    11. Claimant did not at any time, seek an extension of time to file a complaint with the Appeals Council.

    Judicial review of a determination made by the Commissioner of Social Security is controlled by 42 U.S.C. § 405(g), which provides in pertinent part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business, or, if he does not reside or have his principal place of business within any such judicial district, in the United States District Court for the District of Columbia.

Pursuant to the Commissioner's authority under § 405(g) to allow "further time" for the commencement of civil actions, the Commissioner promulgated 20 C.F.R. § 422.210(c) (2008). Under the regulation, the 60-day period starts when notice is received by the claimant. The regulations also create a rebuttable presumption that the claimant receives the notice "five days after the date of

6

such notice." A claimant can rebut this presumption by making a "reasonable showing to the contrary" that he or she did not receive such notice within the five days. 20 C.F.R. § 422.210(c) (2008). If the claimant successfully rebuts the presumption, the burden is then placed upon the Commissioner to establish that the claimant received actual notice. McCall v. Bowen, 832 F.2d 862, 864 (5th Cir. 1987); Matsibekker v. Heckler, 738 F.2d 79, 81 (2d Cir. 1984).

The filing requirement of § 405(g) is not jurisdictional. Bowen v. City of New York, 476 U.S. 467, 478-79 (1986). Instead, it is a statute of limitations subject to equitable tolling. Id. In Bowen, the Supreme Court held that equitable tolling applies "[w]here the government's secretive conduct prevents plaintiffs from knowing of a violation of right ...." Id. at 481 (citations omitted); see also Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990) (stating that tolling of statute of limitations is appropriate where party was tricked or deceived by adversary's misconduct or where filing was timely but defective); Hyatt v. Heckler, 807 F.2d 376, 380-81 (4th Cir. 1986) (finding that tolling is warranted in light of Secretary's (now Commissioner's) secretive policy of nonacquiescence with the law of circuit). In Irwin, the Supreme Court directed that a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he or she has been pursuing his or her rights diligently; and (2) that some extraordinary circumstance stood in his or her way. Irwin, 498

U.S. at 96.

The court proposes that the presiding District Judge find that Claimant did not file her complaint on time pursuant to 42 U.S.C. § 405(g) and the applicable regulation, and that there are no grounds for equitable tolling.  In the present case, Claimant concedes that her complaint was due on Friday, January 30, 2009, yet she did not file the complaint until Monday, February 2, 2009. Claimant's reasons for equitable tolling are not persuasive, as Claimant has not shown government misconduct or extraordinary circumstances that make equitable tolling appropriate.  Claimant did not pursue her rights diligently, despite the fact an earlier complaint had been dismissed for untimeliness.  Claimant missed the filing deadline and failed to properly remedy the error by seeking an extension from the Appeals Council.

For the reasons set forth above, it is hereby respectfully RECOMMENDED that the District Court GRANT the Defendant's Motion to Dismiss Plaintiff's Complaint.

The parties are notified that this Proposed Findings and Recommendation is hereby FILED, and a copy will be submitted to the Honorable John T. Copenhaver, Jr.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have ten days (filing of objections) and then three days (mailing/service) from the date of filing this Proposed Findings

and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Copenhaver, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to transmit a copy of the same to counsel of record.

July 27, 2009
Date

Mary E. Stanley
United States Magistrate Judge